UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
STEVEN K.,

Plaintiff, **DECISION AND ORDER**
1:25-cv-07955-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

Plaintiff Steven K.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Christopher James Bowes, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on June 17, 2026. Presently pending are the parties' competing requests for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

For the following reasons, Plaintiff's request is due to be denied, the Commissioner's request is granted, and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on February 15, 2023, and March 9, 2023, respectively, alleging disability beginning January 1, 2017. (T at 72-88).[2] Plaintiff's applications were denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on September 9, 2024, before ALJ Laura Michalec Olszewski. (T at 31-72). Plaintiff appeared with an attorney and testified. (T at 38-57). The ALJ also received testimony from Michele Erbacher, a vocational expert. (T at 58-70).

### *B. ALJ's Decision*

On November 21, 2024, the ALJ issued a decision denying the applications for benefits. (T at 12-30). The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2017 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2021 (the date last insured). (T at 17).

[2] Citations to "T" refer to the administrative record transcript at Docket No. 5.

The ALJ concluded that Plaintiff had no severe impairment, as defined under the Act, as of the date last insured. (T at 18).

The ALJ found that, as of March 9, 2023, the date Plaintiff applied for SSI benefits, his coronary artery disease, hypertension, degenerative disc disease, cervical radiculopathy, scoliosis, lumbar spondylosis, and migraines were severe impairments. (T at 18).

However, the ALJ concluded that, since the SSI application date, Plaintiff has not had an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 19).

At step four of the sequential analysis the ALJ determined that, since the SSI application date, Plaintiff has retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight-hour workday and stand and/or walk for six hours in an eight-hour workday; occasionally climb ramps and stairs, but never climb ladders and scaffolds; occasionally stoop and kneel; must avoid reaching overhead, but can frequently reach, push, and pull in all other directions up to the limits of light

work; and can sit or stand intermittently, changing positions every 30 minutes, but remaining on task during any transition. (T at 19).

The ALJ found that Plaintiff has no past relevant work. (T at 24). Considering Plaintiff's age (39 on the alleged onset date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 24).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 1, 2017 (the alleged onset date) and November 21, 2024 (the date of the ALJ's decision). (T at 25). On July 22, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

*C. Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on September 24, 2025. (Docket No. 1). On January 28, 2026, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 9). The Commissioner on Marach 12, 2026, interposed a brief opposing Plaintiff's request and in support of a competing request for

judgment on the pleadings. (Docket No. 13). On March 27, 2026, Plaintiff submitted a reply brief in further support of his request. (Docket No. 14).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises three main arguments in support of his request for reversal of the ALJ's decision. First, he argues that the ALJ erred by failing

to recognize and consider additional impairments, which undermines the RFC determination. Second, Plaintiff contends that the ALJ did not give appropriate consideration to his subjective complaints. Third, he challenges the ALJ's step five analysis. The Court will consider each argument in turn.

*A. RFC*

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p). When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as noted above, the ALJ found that, as of March 9, 2023 (the date Plaintiff applied for SSI benefits) his coronary artery disease, hypertension, degenerative disc disease, cervical radiculopathy, scoliosis, lumbar spondylosis, and migraines were severe impairments. (T at 18).

The ALJ concluded, however, that Plaintiff retained the RFC to perform a reduced range of light work. (T at 19).

Plaintiff argues that the ALJ erred by failing to recognize, and account for, additional impairments—sacroiliitis, leg length discrepancy, and pelvic obliquity. In support of this argument, Plaintiff points to sections in the record in which these conditions are diagnosed and treated.

Although the ALJ referenced Plaintiff's leg length discrepancy (T at 23), the ALJ did not expressly address these additional impairments and/or explain whether or how she considered them in determining Plaintiff's RFC. Nonetheless, any error in this aspect of the ALJ's decision is harmless, as the overall RFC determination is supported by substantial evidence.

The record shows that Plaintiff had a single documented medical visit prior to 2022. (T at 18, 304). Although Plaintiff reported various medical problems dating from his childhood, including his leg length discrepancy, he worked for an extended period as a mechanic. (T at 18, 23, 304, 316, 348, 350). Treatment notes from the relevant time period evidence some range of motion deficits, but document intact sensation, full strength, and generally unremarkable clinical findings. (T at 20-21, 340-50, 1170-71). Plaintiff engaged in a variety of activities, including driving, yard work, animal care, and bee keeping. (T at 21-22, 41, 43-44, 47, 317).

Two non-examining State Agency review physicians, Dr. Powell and Dr. Sharif-Najafi, opined that Plaintiff could perform a reduced range of light work generally consistent with the ALJ's RFC determination. (T at 22-23, 81-83, 95-96).

Dr. Paul Mercurio performed a consultative examination in June of 2023. He diagnosed chronic total back pain, scoliosis, hypertension, and history of head injury. (T at 319). Dr. Mercurio opined that Plaintiff had no limitation for sitting but needed to be able to stand from time to time; no limitation for standing; mild impairment with respect to walking or climbing stairs; moderate limitation as to bending and lifting; marked impairment carrying; moderate limitation with respect to kneeling; no limitation handling objects; and marked impairment in overhead reaching. (T at 319-20).

The ALJ found these opinions generally persuasive, although she did not accept Dr. Mercurio's assessment of marked impairments, finding them not supported by the treatment record and Plaintiff's activities and inconsistent with the State Agency review opinions. (T at 22-23).

Plaintiff does not identify any additional functional limitations arising from his sacroiliitis, leg length discrepancy, and/or pelvic obliquity. As set forth above, the ALJ's assessment of Plaintiff's RFC is supported by a reasonable reading of the record, appropriate consideration of Plaintiff's

activities of daily living, and a reasoned reconciliation of the medical opinion evidence. Any arguable error with respect to the ALJ's consideration of Plaintiff's additional diagnoses was therefore harmless. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)(finding remand not appropriate if the ALJ committed harmless error, *i.e.*, where "application of the correct legal principles to the record could lead only to the same conclusion")(alteration omitted)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

*B. Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ

retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and ‘to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.’” (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant’s subjective complaints. First, “the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged.” *Genier*, 606 F.3d at 49 (citation omitted).

Second, “the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record.” *Id*. (citation, alterations, and quotation marks omitted). The ALJ must “consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports.” *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: He lives alone in an apartment. (T at 39-40). He cares for a friend's pets. (T at 40). He drives occasionally but finds it painful. (T at 41). He performs yard work for cash

and volunteers at an animal rescue. (T at 42-44, 47). He attends to personal hygiene and performs household chores but cannot tie his shoes and has difficulty dressing due to pain. (T at 45, 47-48). He uses Tylenol for pain management, along with a muscle relaxer. (T at 51). Physical activity brings on broad, general pain encompassing a large area of his back. (T at 52). Prolonged sitting and standing are painful. (T at 53-55). He limits how much he carries to avoid pain. (T at 56-57).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully consistent with the evidence. (T at 22).

For the following reasons, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, which (as set for the above) the ALJ reasonably read as documenting generally unremarkable clinical findings, conservative treatment, and solid symptom management. (T at 20-22).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, as discussed above, the ALJ relied on a reasonable reconciliation of the medical opinion evidence to discount Plaintiff's subjective claims of disabling pain and limitation. (T at 22-23, 81-83, 95-96, 319). *See McLaughlin v. Sec'y of Health, Educ. & Welfare,* 612 F.2d 701, 705 (2d Cir. 1980) (The "ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."); *see also Penfield v. Colvin,* 563 F. App'x 839, 840 (2d Cir. 2014).

Lastly, the ALJ gave appropriate consideration to Plaintiff's activities of daily living, which included household chores, yard work, and animal care. T at 21-22, 41, 43-44, 47, 317).

Although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the regulations expressly permit consideration of the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).

While Plaintiff suffers from some pain and limitation the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found him limited to a reduced range of light work. (T at 19). However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living. This is sufficient to sustain the disability determination under

the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

*C. Step Five Analysis*

At step five of the sequential analysis, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 24-25). In reaching this conclusion, the ALJ relied on the opinion of a vocational expert, who testified that a hypothetical claimant with the limitations set forth in the RFC determination could perform the representative occupations of parking lot cashier, storage facility rental

clerk, and mail clerk, which exist in significant numbers in the national economy. (T at 24, 58-62).

Plaintiff challenges the ALJ's conclusion, arguing that the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* ("DOT").

The Social Security Administration has taken administrative notice of the DOT, which is published by the Department of Labor and provides detailed descriptions of the requirements for a variety of jobs. *See* 20 CFR § 416.966 (d)(1).

Social Security Ruling 00-4p provides that when a vocational expert testifies regarding job requirements, the ALJ has "an affirmative responsibility to ask about any possible conflict between that [testimony] and information provided in the DOT …." SSR 00-4p.

If there appears to be a conflict between the DOT and the vocational expert's testimony, the DOT is "so valued" that the ALJ is obliged to obtain a "reasonable explanation" for the conflict. *Brault v. SSA*, 683 F.3d 443, 446 (2d Cir. 2012)(citing SSR 004-p); *see also Lockwood v. Comm'r of SSA,* 914 F.3d 87, 91 (2d Cir. 2019).

Plaintiff notes that, per the DOT, all three of the representative occupations require frequent reaching. The ALJ directly addressed this

issue with respect to the mail clerk position. (T at 59). The vocational expert explained that the DOT does not distinguish between types of reaching and testified that, based on her experience, an individual unable to perform overhead reaching could still perform that job. (T at 59-60).

Although the remainder of the vocational expert's testimony is somewhat challenging to parse and while she was not asked directly about overhead reaching and the other two representative occupations (parking lot cashier and storage facility rental clerk), the full context of the vocational expert's opinion was that an individual with Plaintiff's RFC, as determined by the ALJ, could perform all three occupations. (T at 61-62).

This was sufficient to satisfy the duty of inquiry recognized by the Second Circuit in *Lockwood v. Comm'r of SSA,* 914 F.3d 87, 91 (2d Cir. 2019); *see Arias v. Kijakazi*, No. 21-CV-3118 (RWL), 2022 WL 3646003, at *15-16 (S.D.N.Y. Aug. 24, 2022)(ALJ satisfied duty to resolve apparent conflicts through specific queries to the vocational expert ); *Bellore v. Kijakazi*, No. 20-CV-2306(EK), 2022 WL 955134, at *4 (E.D.N.Y. Mar. 30, 2022)(same and collecting cases).

In addition, Plaintiff's counsel did not raise the reaching issue during extensive cross-examination of the vocational expert despite having had an opportunity to do so. (T at 63-70). *See generally Holt v. Colvin*, No. 3:16-

CV-01971 (VLB), 2018 WL 1293095, at *10 (D. Conn. Mar. 13, 2018)("Cross-examination of the vocational expert provides the plaintiff with the opportunity to challenge a vocational expert's qualifications as well as the statistics or methodologies upon which the vocational expert relies, and it behooves counsel to make these challenges in order to preserve them on appeal."); *Cutillo v. Comm'r of Soc. Sec.*, No. 517CV0609MADWBC, 2018 WL 4635704, at *11 (N.D.N.Y. May 4, 2018).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: July 14, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge